## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| Astute Technology, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | Case No. _____ |
| Digitell, Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Astute Technology, LLC ("Astute"), herein files its Complaint against Digitell, Inc. ("Digitell" or "Defendant"), demands a trial by jury and alleges as follows:

## **PARTIES**

1. Plaintiff Astute is a Virginia Limited Liability Company with offices at 11718 Bowman Green Drive, Reston, VA 20190.

2. On information and belief, Defendant Digitell is a New York business corporation with its principal place of business at 111 W 2nd Street, 3rd Floor, Jamestown, NY 14701. This Defendant is registered to do business in the State of New York and has not appointed a registered agent for service of process. On information and belief, Digitell transacts business in the United States, throughout the State of Texas, and within the Eastern District of Texas, either itself and/or through one or more subsidiaries, affiliates, business

1

divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. § 1400(b).

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, Digitell has transacted business in this district, and has committed acts of patent infringement in this district, by the making, using and/or selling of systems and methods of content capture including systems and methods that allow for the capture of visual and audio conference materials.

5. On information and belief, Digitell is subject to this Court's general and specific personal jurisdiction because: Digitell has minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, Digitell has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Digitell regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Astute's causes of action arise directly from Digitell's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,789,228

6. Astute is the owner of all rights, title and interest to United States Patent No. 6,789,228 (the '228 Patent") entitled "Method and System for the Storage and Retrieval of Web-Based Education Materials." The '228 Patent was issued on September 7, 2004 after a

full and fair examination by the United States Patent and Trademark Office. The application leading to the '031 Patent was filed on May 7, 1998. Attached as Exhibit "A" is a copy of the '228 Patent.

7. The '228 Patent is generally directed to novel, unique and non-obvious methods of capturing a live presentation.

8. On information and belief, Digitell has been and now is directly infringing and/or inducing infringement and/or contributorily infringing, literally and/or under the doctrine of equivalents the '228 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering systems and methods of capturing content according to the '228 Patent. On information and belief, examples of Digitell products and methods that infringe the '228 Patent include, various medical conference capture product offerings including but are not limited to, the "SYDICAST", "LIVE-SYNDICAST" and "On-Demand SYNDICAST" products, which allow Digitell customers and other users to deliver, stream, manage and sell captured content. On information and belief, Astute alleges that such conference capture product offerings (the "Accused Products") infringe claims of the '228 Patent. Digitell is thus liable for infringement of the '228 Patent pursuant to 35 U.S.C. § 271.

9. On information and belief, Digitell's infringement of the '228 Patent is and has been knowingly, willful and deliberate.

10. As a result of Digitell's infringement of the '228 Patent, Astute has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Digitell's infringing activities are enjoined by this Court.

11. Unless a permanent injunction is issued enjoining Digitell and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '228 Patent, Astute will be greatly and irreparably harmed.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,689,898

12. Astute is the owner of all rights, title and interest to United States Patent No. 7,689,898 (the '898 Patent") entitled "Enhanced Capture, Management and Distribution of Live Presentations."  The '898 Patent was issued on March 30, 2010 after a full and fair examination by the United States Patent and Trademark Office.  The application leading to the '898 Patent was filed on October 13, 2006.  Attached as Exhibit "B" is a copy of the '898 Patent.

13. The '898 Patent is generally directed to novel, unique and non-obvious systems and methods of capturing a live presentation.

14. On information and belief, Digitell has been and now is directly infringing and/or inducing infringement and/or contributorily infringing, literally and/or under the doctrine of equivalents the '898 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering systems and methods of capturing live presentations according to the '898 Patent.  On information and belief, Astute alleges Digitell's Accused Products infringe the '898 Patent.  Digitell is thus liable for infringement of the '898 Patent pursuant to 35 U.S.C. § 271.

15. On information and belief, Digitell's infringement of the '898 Patent is and has been knowingly, willful and deliberate.

16. As a result of Digitell's infringement of the '898 Patent, Astute has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Digitell's infringing activities are enjoined by this Court.

17. Unless a permanent injunction is issued enjoining Digitell and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '898 Patent, Astute will be greatly and irreparably harmed.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,286,070

18. Astute is the owner of all rights, title and interest to United States Patent No. 8,286,070 (the '070 Patent") entitled "Enhanced Capture, Management and Distribution of Live Presentations." The '070 Patent was issued on October 9, 2012 after a full and fair examination by the United States Patent and Trademark Office. The application leading to the '070 Patent was filed on March 29, 2010. Attached as Exhibit "C" is a copy of the '070 Patent.

19. The '070 Patent is generally directed to novel, unique and non-obvious systems and apparatus of capturing and distributing presentations.

20. On information and belief, Digitell has been and now is directly infringing and/or inducing infringement and/or contributorily infringing, literally and/or under the doctrine of equivalents the '070 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to systems and methods of capturing live presentations according to the '070 Patent. On information and belief, Astute alleges that Digitell's Accused Products infringe the '070 Patent. Digitell is thus liable for infringement of the '070 Patent pursuant to 35 U.S.C. § 271.

21. On information and belief, Digitell's infringement of the '070 Patent is and has been knowingly, willful and deliberate.

22. As a result of Digitell's infringement of the '070 Patent, Astute has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Digitell's infringing activities are enjoined by this Court.

23. Unless a permanent injunction is issued enjoining Digitell and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '070 Patent, Astute will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Astute respectfully requests that this Court enter:

A. A judgment in favor of Astute that Digitell has infringed the '228 Patent, the 898 Patent, and the '070 Patent, and that such infringement was knowing, willful and deliberate;

B. A permanent injunction enjoining Digitell and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringed the '228 Patent, the '898 Patent, and the '070 Patent;

C. A judgment and order requiring Digitell to pay Astute its damages, costs, expenses, and prejudgment and post-judgment interest for Digitell infringement of infringed the '228 Patent, the '898 Patent, and the '070 Patent as provided under 35 U.S.C. § 284;

D. An award to Astute for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Astute its reasonable attorneys' fees; and

  F. Any and all other relief to which Astute may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Astute, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: October 6, 2014      Respectfully Submitted,

               By: /s/ Arthur I/ Navarro
               Arthur I. Navarro
               Navarro Law Office, PC
               Texas State Bar No. 00792013
               PO Box 166851
               Irving, TX 75016
               972.659.1275 (Firm)
               972.659.1275 (Fax)
               Email: art@navarroiplaw.com

               **ATTORNEYS FOR PLAINTIFF**
               **ASTUTE TECHNOLOGY, LLC**